UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| OMEGA OPTICAL, INC. | : | |
| Debtor | : | Bankruptcy No. 11-13036 |

..................................................

MEMORANDUM

..................................................

Presently before me is the chapter 11 debtor's motion for the entry of a final decree, pursuant to Federal Rule of Bankruptcy Procedure 3022, as well as a motion filed by Sovereign Bank to amend its proof of claim, which motion is opposed by the debtor.

After consideration of the arguments of counsel,[1] I conclude for the following reasons that Sovereign Bank's motion must be denied and the debtor's motion denied without prejudice.

I.

The following relevant facts are derived from court records.[2]

---

[1] Although afforded the opportunity to do so, neither party filed a post-hearing submission.

[2] I take judicial notice, under Federal Rule of Evidence 201 (incorporated into bankruptcy cases and proceedings by Federal Rule of Bankruptcy Procedure 9017), of the docket entries and documents attached to those entries, such as the debtor's bankruptcy schedules, confirmed chapter 11 plan and orders entered in this case. See Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1200 n.3 (3d Cir. 1991); Levine v. Egidi, 1993 WL 69146, at *2 (N.D. Ill. 1993); In re Paolino, 1991 WL 284107, at *12 n.19 (Bankr. E.D. Pa. 1991); see generally In re Indian Palms Associates, Ltd., 61 F.3d 197 (3d Cir. 1995).

The debtor filed a voluntary petition in bankruptcy under chapter 11 on April 14, 2011. On April 17, 2011, notice of the debtor's bankruptcy filing was sent to known creditors, including Sovereign Bank. See docket entry #13. On April 27, 2011, the debtor filed its bankruptcy schedules. On Schedule D the debtor listed Sovereign Bank as a secured creditor with a disputed claim, and valued the collateral for the disputed claim at $10,000.

By order dated May 9, 2011, a bar date of July 18, 2011 was set as the deadline for creditors to file proofs of claim pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(3). On May 9, 2011, counsel for the chapter 11 debtor certified that a true and correct copy of the Order Setting the Proof of Claim Deadline was served by first class mail, postage prepaid and/or by electronic filing through the court's electronic case filing system upon all of its creditors, including Sovereign Bank. See docket entry #34.

On December 16, 2011, Sovereign Bank filed a proof of claim in the amount of $80,662.46, docketed on the claims register as proof of claim number 19. This amount was asserted as a general, unsecured claim. Id.[3] The proof of claim requested that all notices be sent to Sovereign Bank "c/o Robert L. Saldutti, Esq." Moreover, also on December 16, 2011, Mr. Saldutti entered his appearance in this case on behalf of Sovereign Bank. See docket entry #78.

---

[3]Not only does the Sovereign proof of claim, using Official Form 10, box 4, expressly state "Amount Unsecured: $80,662.46," but only a promissory note was attached to the proof of claim. When a creditor is asserting a secured claim, Federal Rule of Bankruptcy Procedure 3001 directs that evidence of the security interest and its perfection be attached. The instructions on the second page of Form 10 note the need to attach documentation if a security interest is claimed.
  In its present motion to amend its claim, Sovereign Bank acknowledges that it filed only an unsecured proof of claim on December 16, 2011. Motion, at 1.

2

On January 31, 2012, the debtor filed a proposed chapter 11 plan and disclosure statement. See docket entries ## 86-87. Debtor's counsel certified on February 6, 2012 that a copy of the proposed plan and disclosure statement were sent by first class mail, postage prepaid, inter alia, to Mr. Saldutti. See docket entry #90.

Article III, paragraph 3.2 of the debtor's chapter 11 plan proposed on January 31st stated in full as follows:

> Sovereign Bank is the holder of a disputed secured claim allegedly secured by "all assets" of the Debtor. The secured claim relates to a pre-petition business loan that totals $92,229.67. Sovereign Bank attempted to perfect its lien by recording a financing statement under the Uniform Commercial Code with the Department of State of Pennsylvania. The financing statement identifies the collateral subject to the lien of the financing statement as "all assets." This description of collateral is considered super-generic and not sufficient to effectively perfect a lien on any collateral. In addition, the description of the collateral is limited to the collateral that existing [sic] at the time the lien was filed, and does not extend to any collateral acquired after the lien was filed. Therefore, Sovereign Bank's lien is not properly perfected. Indeed, Sovereign Bank has filed a proof [of] claim in this Bankruptcy treating the entire debt as unsecured. <u>This secured claim of Sovereign Bank is being re-classified as an unsecured claim to be paid as a Class 3 [unsecured] creditor under this Plan. Sovereign Bank shall terminate the UCC-1 Financing Statement and release all other existing liens against the Debtor's asset[s] upon the Effective Date of this Plan.</u>

Docket entry #86 ("Chapter 11 Small Business Plan Filed by Omega Optical, Inc." dated January 31, 2012, ¶ 3.2) (emphasis added).

On March 7, 2012, the debtor filed an amended chapter 11 plan. This proposed amended plan, which provided that the debtor would continue in operation after confirmation and make plan distributions from net operating income, see paragraph 3.3, contained the identical language in paragraph 3.2 regarding the treatment of Sovereign

Bank's claim as did the original proposed plan. See docket entry #97 ("Amended Chapter 11 Small Business Plan Filed by Omega Optical, Inc." dated March 7, 2012). In addition to providing a modest dividend to class 3 unsecured creditors, including Sovereign Bank, this amended plan contained the following two provisions:

> Possession of Assets. The Reorganized Debtor shall continue in possession of all its property and assets after the Effective Date.
>
> ***
>
> The payments, distributions and other treatments provided in respect of each Allowed Claim and Allowed Interest in the Plan shall be in full settlement and complete satisfaction [sic] discharge and release of such Allowed Claim and Allowed Interest.

Id., ¶¶ 5.2, 6.1.

On March 7, 2012, debtor's counsel certified that a copy of this proposed amended plan was sent by first class mail, postage prepaid, to (among others) Mr. Saldutti. See docket entry #99. By order dated March 12, 2012, a hearing was scheduled for April 30, 2012 to consider confirmation of the debtor's proposed amended plan. See docket entry #101. Debtor's counsel certified that Sovereign Bank (along with all other creditors), as well as Mr. Saldutti separately, were served with a copy of the March 12th order. See docket entry #102.

A confirmation hearing was held on April 30, 2012. The only objection to confirmation was filed by the Commonwealth of Pennsylvania. See docket entry #109. By order dated April 30, 2012, the debtor's amended plan was confirmed pursuant to 11 U.S.C. § 1129(b). See docket entry #111. A copy of the confirmation order was sent electronically by the court to Mr. Saldutti on May 2, 2012, see docket entry #113, and a hard-copy was mailed to Mr. Saldutti and to Sovereign Bank by debtor's counsel on May

8, 2012.  See docket entry #114.  The order of confirmation made no mention of any lien held by Sovereign Bank; nor did the order address the vesting of property of the estate. No appeal was taken from the April 30th confirmation order.  The plan effective date was ten days after the confirmation order became final (May 24, 2012).  See "Amended Chapter 11 Small Business Plan Filed by Omega Optical, Inc.," dated March 7, 2012, ¶ 1.29.

On June 12, 2012, the debtor filed its instant motion for a final decree, alleging that its confirmed plan would be substantially consummated by June 30, 2012, and seeking to have its case closed under 11 U.S.C. § 350(a).  At the hearing held on July 11, 2012, counsel for the United States trustee stated in open court that his office had no opposition to the entry of a final decree, based upon a review of the debtor's distribution reports.

On June 13, 2012, Sovereign Bank filed its instant motion to amend its proof of claim, asserting that its December 16, 2011 unsecured proof of claim was "an obvious oversight" and that it actually holds a lien on all of the debtor's assets.  Sovereign Bank further asserts that, if permitted to amend its proof of claim, it will seek relief under Federal Rule of Bankruptcy Procedure 3012 to value its collateral so as to determine the extent of its allowed secured claim pursuant to 11 U.S.C. § 506(a).  See generally In re Heritage Highgate, Inc., 679 F.3d 132 (3d Cir. 2012).

In support of its motion to amend, Sovereign Bank alleges that the debtor would not be prejudiced by such a proposed amendment, because the debtor originally scheduled its claim as secured (albeit disputed).  Motion, at 2.

II.

I turn first to the motion filed by Sovereign Bank, as the pendency of this motion would render it inappropriate to enter a final decree.

A.

In seeking to amend its proof of claim, Sovereign Bank does not seek to alter the amount of its claim, only its classification from unsecured to secured, with the amount of its secured claim limited by the value of its collateral under section 506(a). In opposing this motion, the debtor argues that such an amendment would "undo the [confirmed] plan that is binding upon Sovereign and all creditors." Debtor's Objection, ¶ 7.

In general, "[t]he decision to allow amendments to a proof of claim is within the discretion of the Bankruptcy Court." In re Ben Franklin Hotel Associates, 186 F.3d 301, 309 (3d Cir. 1999). In In re Trans World Airlines, Inc., 145 F.3d 124, 141 (3d Cir. 1998), the Third Circuit referenced Federal Rule of Bankruptcy Procedure 7015, which incorporates Federal Rule of Civil Procedure 15, as the basis for deciding whether such an amendment should be permitted. See, e.g., In re Quinn, 423 B.R. 454, 463 (Bankr. D. Del. 2009); In re Washington, 420 B.R. 643, 645 (Bankr. W.D. Pa. 2009).[4]

---

[4] Courts have applied Federal Rule of Bankruptcy Procedure 9006 and the standard establish by Pioneer Investment Services Co. v. Brunswick Associates L.P., 507 U.S. 380 (1993), in considering whether to permit a creditor to file an initial proof of claim after the claims bar date has expired. See generally In re Enron Corp., 419 F.3d 115, 121 (2d Cir. 2005).

(continued...)

The general application of Rule 15 has been explained by the Supreme Court as follows:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. . . .  If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, <u>futility of amendment</u>, etc.—the leave sought should, as the rules require, be "freely given."

<u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) (citation omitted) (emphasis added).

Thus, it has long been understood that leave to amend pleadings should be denied if the amendment itself would be futile, <u>i.e.</u>, unable to afford the movant any relief.  <u>See</u>, <u>e.g.</u>, <u>Green v. Department of Corrections</u>, 2012 WL 2354443 (3d Cir. June 21, 2012) (non-precedential); <u>Haynes v. Moore</u>, 405 Fed. Appx. 562, 564 (3d Cir. 2011) (non-precedential) ("Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend should 'be freely given when justice so requires.'  However, a district court may exercise its discretion and deny leave to amend on the basis of undue delay, bad faith, dilatory motive, prejudice, or futility."); <u>Burtch v. Milberg Factors, Inc.</u>, 662 F.3d 212, 231 (3d Cir. 2011); <u>Great Western Mining & Mineral Co. v. Fox Rothschild LLP</u>, 615 F.3d 159, 174 (3d Cir. 2010).  Similarly, amendments to proofs of claim have been denied

---

[4](...continued)
Here, Sovereign Bank filed its December 2011 unsecured claim long after the bar date had passed.  Nonetheless, the debtor never challenged this claim as untimely, and under the terms of the confirmed plan only the debtor would have benefitted from its disallowance.  By expressly providing for this claim in its confirmed plan, the debtor has apparently determined to waive the timeliness issue.

on the basis that the proposed amendment would be futile. See, e.g., In re Drexel Burnham Lambert Group, Inc., 159 B.R. 420, 426 (S.D.N.Y. 1993); In re DePugh, 409 B.R. 84, 108 (Bankr. S.D. Tex. 2009).

In opposing Sovereign Bank's motion to amend its proof of claim from unsecured to secured by asserting the binding nature of its confirmed plan, the debtor implicitly maintains that such an amendment would be futile. It cites to 11 U.S.C. § 1141(a), which establishes the binding nature of the confirmation process. See generally New Jersey Dept. of Treasury v. Visara Intern., Inc., 166 Fed. Appx. 639, 641 (3d Cir. 2006) (non-precedential); CoreStates Bank, N.A. v. Huls America, Inc., 176 F.3d 187, 194 n.4 (3d Cir. 1999). That is, the confirmed plan clearly states that Sovereign Bank would be treated as an unsecured creditor whose claim would be satisfied and discharged by the plan terms. As Sovereign Bank has not asserted any fraud in the confirmation process, and thus cannot revoke confirmation under 11 U.S.C. § 1144, and as not even the debtor can now modify its confirmed plan owing to its substantial consummation, see 11 U.S.C. § 1127(b), the debtor contends that an amendment by Sovereign asserting a secured claim at this point in the chapter 11 case would be pointless.

In so arguing the debtor assumes, correctly, that confirmation of its plan divested Sovereign of any lien claim it may have held prepetition.

B.

Unlike Federal Rule of Bankruptcy Procedure 3002, which governs the filing of proofs of claims in chapter 7, 12, and 13 cases, and which expressly limits the

8

necessity for filing such a claim to "an unsecured creditor," Rule 3002(a); see generally 9 Collier on Bankruptcy ¶ 3002.2.01[2] (16th ed. 2011), Federal Rule of Bankruptcy Procedure 3003(c)(2) provides:

> Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

(emphasis added).

Consistent with 11 U.S.C. § 1111(a), the scope of Rule 3003(c)(2) includes secured creditors whose claims are not scheduled or are scheduled as disputed, contingent or unliquidated. See, e.g., In re PCH Associates, 949 F.2d 585, 605 (2d Cir. 1991); In re MarketXT Holdings Corp., 336 B.R. 67, 71-72 (Bankr. S.D.N.Y. 2006); see generally Chemetron Corp. v. Jones, 72 F.3d 341, 346 (3d Cir. 1995).

The penalty for a creditor's failure to file a secured proof of claim, however, is not loss of its lien. Section 506(d)(2) expressly states that the failure to file a proof of claim is not, by itself, a basis to void a lien. See generally In re Kressler, 40 Fed. Appx. 712, 713 (3d Cir. 2002) (non-precedential). Moreover, Rule 3003(c)(2) makes clear that if a proof of claim within the scope of this procedural rule is not timely filed, then the claim will not be allowed, see generally 11 U.S.C. § 502(a), and so the secured creditor will not be entitled to vote for or against the proposed plan, nor participate in any distribution under the plan. Its lien, however, may remain intact. As noted by one court many years ago:

> Sections 501 and 1111 of the Code govern the filing of proofs of claims. In a Chapter 11 proceeding, only creditors whose

9

> claims are listed by the debtor as "disputed, contingent, or unliquidated" are required to file proofs of claim. Bankruptcy Rule 3003(c)(2) directs that a creditor so listed must file, and that one who fails to do so will not be treated as a creditor "with respect to such claim for the purposes of voting and distribution." This rule does not, however, extinguish a creditor's lien as a penalty for failure to file a proof of claim. In fact, the legislative history of § 501(a) indicates that it is "permissive only, and that no creditor is required to file a proof of claim." . . . However, "the filing of a proof of claim is a prerequisite to the allowance of unsecured claims, including the unsecured portion of a secured claim, and priority claims." Furthermore, "[f]iling a proof of claim may be unnecessary . . . in situations in which the creditor is secured and has not asserted a claim against the estate, and no determination under section 506(d) has been requested."

Relihan v. Exchange Bank, 69 B.R. 122, 125 (S.D. Ga. 1985) (quoting 3 Collier on Bankruptcy ¶ 501.01 (15th ed. 1985) (footnotes omitted); see, e.g., In re MarketXT Holdings Corp., 336 B.R. at 71; In re Wagner, 1994 WL 97615, at *2 (Bankr. W.D. Pa. 1994); see generally 9 Collier on Bankruptcy, ¶ 3003.03[3] (16th ed. 2011).

Accordingly, by filing an unsecured proof of claim Sovereign Bank did not extinguish any lien it may have had under relevant non-bankruptcy law. See Matter of Tarnow, 749 F.2d 464 (7th Cir. 1984). However, although section 506(d)(2) may preserve its lien from avoidance because this creditor failed to file a secured proof of claim, the confirmation process itself may extinguish Sovereign Bank's lien. See Matter of Penrod, 50 F.3d 459 (7th Cir. 1995). Specifically, 11 U.S.C. § 1141(c) states:

> Except as provided in subsections (d)(2) and (d)(3) of this section[5] and except as otherwise provided in the plan or in the order confirming the plan, after confirmation of a plan, the property dealt with by the plan is free and clear of all claims

---

[5]Section 1141(d)(2) concerns individual chapter 11 cases; section 1141(d)(3) concerns liquidating chapter 11 plans whereby the debtor no longer operates after confirmation. Neither is applicable to this chapter 11 case.

10

>    and interests of creditors, equity security holders, and of
>    general partners in the debtor.

This long-standing provision[6] provides that confirmation of a chapter 11 plan can divest creditors of their security interests, i.e., liens,[7] in certain circumstances. See generally, e.g., In re Barton Industries, Inc., 104 F.3d 1241, 1245 (10th Cir. 1997); Matter of Penrod, 50 F.3d at 462-63; General Elec. Credit Corp. v. Nardulli & Sons, Inc., 836 F.2d 184, 189 (3d Cir. 1988).

In order for the confirmation process to extinguish a lien, some courts have applied a four part test articulated in In re Ahern Enterprises, Inc., 507 F.3d 817 (5th Cir. 2007):

>    Four conditions must therefore be met for a lien to be voided
>    under section 1141(c): (1) the plan must be confirmed; (2) the
>    property that is subject to the lien must be dealt with by the
>    plan; (3) the lien holder must participate in the reorganization;
>    and (4) the plan must not preserve the lien.

Id., at 822; see, e.g., Greater American Land Resources, Inc. v. Town of Brick, N.J., 2012 WL 1831563, at *5 (D.N.J. 2012).[8]

---

[6]Current section 1141(c) is "derived from Sections 226 and 474 of the former Bankruptcy Act." 8 Collier on Bankruptcy, ¶ 1141.04 (16th ed. 2011).

[7]Section 101(37), title 11, defines a lien as an "interest in property." Indeed, the Third Circuit Court of Appeals, in interpreting section 363(f), noted that "a lien is but one type of interest" in property. In re Trans World Airlines, Inc., 322 F.3d 283, 290 (3d Cir. 2003). Thus, it is generally accepted that the "interests of creditors" in property dealt with by a confirmed plan, under section 1141(c), includes liens. See, e.g., In re Be-Mac Transport Co., Inc., 83 F.3d 1020, 1025-26 (8th Cir. 1996).

[8]Although not expressly articulated in section 1141(c), the need for creditor participation has been justified as consistent with section 506(d)(2)—wherein the failure of a creditor to file a proof of claim is not grounds to void its lien, see Collier on Bankruptcy, ¶ 1141.04[1] (16th ed. 2012)—and/or consistent with due process. See In re Ahern Enterprises, Inc., 507 F.3d at 823. Because, as will be discussed, Sovereign Bank clearly participated in this
(continued...)

11

---

[8](...continued)
chapter 11 case, I need not decide whether participation is necessary for lien extinguishment under section 1141(c).

      I note, though, that the Supreme Court recently concluded that serving a creditor, who had received notice of the bankruptcy filing, with a copy of a chapter 13 plan that expressly addressed the treatment of its claim constituted due process. United Student Aid Funds, Inc. v. Espinosa, 130 S. Ct. 1367, 1378 (2010) ("Here, United received actual notice of the filing and contents of Espinosa's plan. This more than satisfied United's due process rights."). Moreover, the express provisions of section 1141(c) may govern the more general language of section 506(d)(2), especially given the former's long-standing status as a component of corporate reorganizations. See, e.g., RadLAX Gateway Hotel, LLC v. Amalgamated Bank, 132 S. Ct. 2065, 2070-71 (2012); see also Dewsnup v. Timm, 502 U.S. 410, 419 (1992) ("[T]his Court has been reluctant to accept arguments that would interpret the Code, however vague the particular language under consideration might be, to effect a major change in pre-Code practice that is not the subject of at least some discussion in the legislative history.").

      If creditor participation is needed for lien extinguishment under section 1141(c), this requirement may be based upon the need for a bankruptcy court to obtain personal jurisdiction over the creditor so as to extinguish its lien, rather than upon due process. If lien extinguishment, in general, requires the filing of an adversary proceeding with a complaint and summons, pursuant to Federal Rule of Bankruptcy Procedure 7001(a), then notice of the bankruptcy filing and the terms of the proposed plan, although sufficient for due process, may be insufficient to provide such personal jurisdiction when the creditor has not participated in the bankruptcy case:

> Although notice underpins Federal Rule of Civil Procedure 4 concerning service, notice cannot by itself validate an otherwise defective service. Proper service is still a prerequisite to personal jurisdiction. Inquiry into the propriety of service is separate from, and in addition to, the due process concerns present in an inquiry into the notice itself.

Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 492 (3d Cir. 1993); see, e.g., The Knit With v. Knitting Fever, Inc., 2010 WL 2788203, at *3 (E.D. Pa. 2010); see also In re Mansaray-Ruffin, 530 F.3d 230, 237 (3d Cir. 2008).

      Creditor participation in the bankruptcy case, such as by filing a proof of claim which Sovereign Bank did, provides such personal jurisdiction:

> United had actual notice of the filing of Espinosa's plan, its contents, and the Bankruptcy Court's subsequent confirmation of the plan. In addition, United filed a proof of claim regarding Espinosa's student loan debt, thereby submitting itself to the Bankruptcy Court's jurisdiction with respect to that claim. See Langenkamp v. Culp, 498 U.S. 42, 44 . . . (1990) (per curiam).

(continued...)

12

Here, all four elements that may be required under section 1141(c) have been met. First, the debtor's chapter 11 plan has been confirmed. Second, the purported collateral of Sovereign Bank—the debtor's assets—were dealt with by the plan as revesting in the debtor, who would then use those assets to generate income with which to fund its plan. See 11 U.S.C. § 1141(b); 8 Collier on Bankruptcy, ¶ 1141.04[1] (16th ed. 2011). Third, Sovereign Bank participated in this bankruptcy case, by filing a proof of claim and by the entry of appearance of its counsel, Mr. Saldutti. See, e.g., In re Ahern Enterprises, Inc., 507 F.3d at 823 ("[I]t is a sufficient level of participation that Elixir filed a proof of claim as an unsecured priority creditor."). Fourth, neither the plan itself nor the order of confirmation provided for the retention of Sovereign Bank's alleged lien. On the contrary, the confirmed plan expressly provided that Sovereign Bank would hold no lien after confirmation, and would be treated as holding only an unsecured claim.

---

[8](...continued)
United therefore forfeited its arguments regarding the validity of service or the adequacy of the Bankruptcy Court's procedures by failing to raise a timely objection in that court.

United Student Aid Funds, Inc. v. Espinosa, 130 S.Ct. at 1380 (citations omitted).

Conversely, if lien extinguishment based upon the requirements found solely in section 1141(c) does not represent a challenge to the "validity, priority or extent" of a lien under Rule 7001(a)(2), see In re Barton Industries, Inc., 104 F.3d at 1245 n.1, then creditor participation, through which that creditor submits itself to the jurisdiction of the bankruptcy court, may not be necessary for purposes of the application of section 1141(c). That is, if Congress through the Rules Enabling Act, 28 U.S.C. § 2072, has not insisted that a party seeking to extinguish a lien obtain jurisdiction over the lienholder via summons, the exclusive jurisdiction that a bankruptcy court is granted over estate property pursuant to 28 U.S.C. § 1334(e)(1) may be sufficient to provide jurisdiction over all those asserting an interest in that property insofar as those interests are concerned. See generally 11 U.S.C. §§ 363(f); 522(f); Van Huffel v. Harkelrode, 284 U.S. 225 (1931); Pennoyer v. Neff, 95 U.S. 714 (1878). If so, then only due process, which may not require participation, plus the specific conditions identified in section 1141(c) are required to extinguish the lien as part of the chapter 11 confirmation process.

Thus, in In re Ahern Enterprises, Inc., the Fifth Circuit Court of Appeals held that a creditor who had filed an unsecured proof of claim and by doing so participated in the chapter 11 case, 507 F.3d at 823, and who did not object to confirmation of the debtor's plan that provided for its collateral (by expressly preserving the lien of another creditor on that collateral), 507 F.3d at 822, had its lien extinguished when the plan placed the creditor in the class of unsecured claimants. 507 F.3d at 823.

Similarly, the Fourth Circuit Court of Appeals in In re Regional Building Systems, Inc., 254 F.3d 528 (4th Cir. 2001), held that a creditor's purported lien on settlement proceeds had been extinguished by the confirmation process, where the creditor had filed two unsecured proofs of claim, the confirmed plan classified the creditor's claim as unsecured and entitled to a pro rata distribution, along with other unsecured creditors, of these settlement proceeds, and the creditor had knowledge of the proposed plan and did not object to its confirmation. Id., 254 F.3d at 530. Moreover, the extinguishment of its lien was not altered by the creditor's filing (without court approval) of an amended secured proof of claim seven months after confirmation. Id.

Indeed, the appeal in Regional Building Systems arose from an order of the bankruptcy court sustaining an objection to the creditor's post-confirmation attempt to reclassify its claim from unsecured to secured, and thereby assert a lien on property dealt with by the confirmed plan.[9]

---

[9]The facts and holding of In re Be-Mac Transport Co., Inc., 83 F.3d 1020 (8th Cir. 1996), are clearly distinguishable. In Be-Mac, the creditor had originally filed a proof of claim asserting a security interest, amended its claim but forgot to assert a security interest in that amendment, nonetheless negotiated with the debtor regarding a compromise of its secured claim, and when no compromise was reached, sought to further amend its amended proof of claim prior to confirmation to correct its error and assert secured status. The creditor also objected to the
(continued...)

14

Clearly, Sovereign Bank seeks to amend its unsecured proof of claim in order to asset a lien against the debtor's property that had revested in the debtor upon confirmation of its March 2012 chapter 11 plan. As this creditor's lien has been extinguished by virtue of section 1141(c), an amendment to reclassify its claim as secured would now be futile. Accordingly, its motion for leave to amend will be denied.

III.

Finally, the debtor seeks entry of a final decree closing this case under 11 U.S.C. § 350(a). In chapter 11 cases, the closing of a case occurs by the entry of a final decree. Federal Rule of Bankruptcy Procedure 3022 provides:

> After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case.

The phrase "fully administered" is not defined by the Bankruptcy Rules or the Bankruptcy Code itself. See In re Gould, 437 B.R. 34, 37 (Bankr. D. Conn. 2010). Thus, courts have referred to the Advisory Committee Note to Rule 3022, which states in relevant part:

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the

---

[9](...continued)
proposed chapter 11 plan that did not preserve its lien. The Eighth Circuit Court of Appeals held that the bankruptcy court abused its discretion in disallowing the second amended proof of claim and dismissing the creditor's objection to confirmation.

15

> plan has become final, (2) whether deposits required by the
> plan have been distributed, (3) whether the property proposed
> by the plan to be transferred has been transferred, (4) whether
> the debtor or the successor of the debtor under the plan has
> assumed the business or the management of the property dealt
> with by the plan, (5) whether payments under the plan have
> commenced, and (6) whether all motions, contested matters,
> and adversary proceedings have been finally resolved.

Advisory Committee Notes (1991).

In connection with the entry of a final decree, the Sixth Circuit Court of Appeals has observed:

> Bankruptcy Rule 3022 is intended to allow bankruptcy courts
> flexibility in determining whether an estate is fully
> administered. . . . A court should review each request for
> entry of a final decree on a case-by-case basis and analyze the
> factors set forth in Rule 3022, along with any other relevant
> factors, in determining whether an estate has been fully
> administered. . . . However, not all the factors set forth in the
> Advisory Committee Note need to be present to establish that
> a case is fully administered for final decree purposes.

In re Federated Department Stores, Inc., 43 Fed. Appx. 820, 822 (6th Cir. 2002) (citations omitted). Thus, "bankruptcy courts have flexibility in determining whether an estate is fully administered by considering the factors set forth in Rule 3022, along with any other relevant factors." In re Provident Financial, Inc., 2010 WL 6259973, at *9 (B.A.P. 9th Cir. 2010). When to enter a final decree is within the discretion of the bankruptcy court. See, e.g., In re Union Home and Industrial, Inc., 375 B.R. 912, 917-18 (B.A.P. 10th Cir. 2007).

I appreciate that in this chapter 11 case all factors referred to in the Advisory Committee Note may have occurred (except for #2, as no deposits were required). The confirmation order is final; the assets of the debtor have revested in the debtor; the debtor has commenced post-confirmation operations of its business; the

16

debtor's quarterly summary report, see docket entry #128, disclosed that it has commenced creditor disbursements pursuant to its confirmed plan; and, with the above-resolution of Sovereign Bank's motion, there are no pending motions, contested matters or adversary proceedings.

>Nonetheless, the debtor's confirmed plan states in paragraph 5.5

>>Final Decree.  After <u>final distributions</u> are made, the Disbursing Agent [defined in paragraph 5.4 to be the debtor's president, Mr. Steven Davis] shall file a Motion to close the case and request that a final decree be issued.  Debtor shall file all interim and final plan implementation reports and pay any fees to the Office of the U.S. Trustee.

(emphasis added).

There was no evidence that the debtor has made final distributions.  Indeed, paragraph 3.3 of the approved plan permits the debtor to tender plan payments over twelve quarters, with only the first distribution payable on the plan effective date.  Moreover, the docket does not reflect the filing of a final implementation report.  See Local Bankr. R. 3021-1.

As the debtor observed in connection with its opposition to Sovereign Bank's motion, section 1141(a) renders the terms of a confirmed plan binding upon the debtor as well as creditors.  Since the debtor has not yet complied with the terms of its own plan regarding the closing of its case, the better exercise of discretion is to conclude that the entry of a final decree is premature, and so will be denied without prejudice.  See <u>In re Ground Systems, Inc.</u>, 213 B.R. 1016 (B.A.P. 9th Cir. 1997) (when the confirmed chapter 11 plan provided that a final decree would be entered only after all plan payments were distributed, the debtor's motion for entry of a final decree was properly denied).

Orders consistent with this memorandum will be entered.

_____
BRUCE FOX
United States Bankruptcy Judge

Dated: July 27, 2012